# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| EMERALD POINTE, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. _____ |
| TANEY COUNTY, MISSOURI, | ) |
| and | ) |
| TANEY COUNTY PLANNING COMMISSION | ) |
| and | ) |
| TANEY COUNTY BOARD OF ADJUSTMENT | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff Emerald Pointe, LLC ("Emerald Pointe") hereby brings its Complaint for Damages against Defendants Taney County, Missouri ("Taney County"), Taney County Planning Commission, and Taney County Board of Adjustment (collectively "Defendants"), as follows:

### Parties

1. Emerald Pointe, LLC is a Missouri limited liability company with its principal place of business in Taney County, Missouri.

2. Taney County, Missouri is a first-class Missouri county and subdivision that is a corporate entity that can sue and be sued.

3. Taney County Planning Commission is a political subdivision of Taney County, Missouri that can sue and be sued.

4. Taney County Board of Adjustment is a political subdivision of Taney County, Missouri that can sue and be sued.

## Jurisdiction and Venue

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the events forming the cause of action asserted herein took place in this District in Taney County, Missouri.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because this case involves federal questions under to 42 U.S.C §§ 1983 and 1988, as well as due process property rights under the Fourteenth Amendment to the United States Constitution.

## Facts

7. In May of 2008, Defendant Taney County, acting by and through its Taney County Planning Commission, issued Emerald Pointe a permit to develop land in Taney County into residential lots in a subdivision.

8. In September of 2008, Taney County approved and signed the Final Plat for Phase 12 of the Emerald Pointe subdivision (the "Final Plat") designating it as a gated community with private roads.

9. The Final Plat stated that it did not violate the rules and regulations of the Taney County Development Guidance Code.

10. Taney County thereafter issued permits to Emerald Pointe for construction of private roads in Phase 12, and Emerald Pointe constructed the private roads.

11. In September of 2016, Taney County, acting through its Taney County Planning Commission, issued a Stop Work Order to Emerald Pointe requiring Emerald Pointe to comply with Taney County's Subdivision Regulations and Road Standards for public roads. (the "Stop

Work Order") As a result of the issuance of the Stop Work Order, Emerald Pointe was prevented from completing construction of the private roads within Phase 12.

12. The Emerald Pointe roads, however, were private roads to which the Taney County Subdivision Regulations and Road Standards did not apply.

13. Emerald Pointe appealed the Taney County Planning Commission Stop Work Order to the Taney County Board of Adjustment.

14. During the appeal, the Taney County Board of Adjustment sought to impose additional requirements upon Emerald Pointe that were not contained in the Final Plat as conditions of lifting the Stop Work Order.

15. Emerald Pointe would not agree to perform the additional requirements proposed by the Taney County Board of Adjustment.

16. In April of 2017, the Taney County Board of Adjustment denied Emerald Pointe's appeal of the Stop Work Order.

17. In May of 2017, Emerald Pointe sued the Taney County Planning Commission and Taney County Board of Adjustment, and their members in their official capacities, for relief by way of a writ of certiorari to lift the Taney County Stop Work Order.

18. The Circuit Court of Taney County, Missouri held an evidentiary hearing and denied Emerald Pointe's appeal of the issuance of the Stop Work Order.

19. Emerald Pointe then took an appeal to the Missouri Court of Appeals, Southern District.

20. In April of 2021, the Missouri Court of Appeals, Southern District, reversed the Taney County Circuit Court, finding:

a. That Emerald Pointe had been given authority by Taney County to develop its land with a final plat containing private roads;

b. That when Taney County approved the plat it was in compliance with Taney County's Road Standards and Subdivision regulations;

c. That the Taney County Planning Commission that approved the plat was fully aware of the terrain of the Emerald Pointe property and approved a plat that called for private roads;

d. That the Taney County Planning Commission did not have authority to issue a Stop Work Order to Emerald Pointe in 2016;

e. That Taney County's position that there is no difference between private roads and public road is inherently inconsistent with Taney County's own Road Standards and Subdivision Regulations; and

f. That the Taney County Board of Adjustment decision to affirm the Taney County Commission's Stop Work Order was not authorized by law.

**COUNT I**

**(DEPRIVATION OF DUE PROCESS WITH REGARD TO PROPERTY RIGHTS PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983)**

21. Plaintiff incorporates by reference the foregoing allegations.

22. Emerald Pointe has and had a protected property interest in its Taney County land development project to which the Fourteenth Amendment to the United States Constitution and its due process protections apply.

23. The Fourteenth Amendment due process clause mandates that no State (or subdivision) may "deprive any person of … property, without due process of law."

24. Taney County's actions, through its Taney County Planning Commission and Taney County Board of Adjustment, were truly irrational and deprived Emerald Pointe of its due process property rights, as determined by the Missouri Court of Appeals for the Southern District.

25. Taney County, through its Planning Commission and Board of Adjustment, acted with disregard of its own valid Road Standards and Subdivision Regulations to deprive Emerald Pointe of its due process property rights, as determined by the Missouri Court of Appeals for the Southern District.

26. Taney County's actions, through its Taney County Planning Commission and Taney County Board of Adjustment, were authorized decisions made and adopted by officials with final policy-making authority, and performed under color of state law.

27. As a direct and proximate result of Defendants' actions and violations of Emerald Pointe's due process property rights, Emerald Pointe has been damaged and Emerald Pointe is entitled to damages pursuant to 42 U.S.C. §1983.

28. Emerald Pointe is also entitled to an award of attorneys' fees and expenses incurred in asserting its constitutional rights pursuant to 42 U.S.C. §1988.

29. The damages to Emerald Pointe caused by Defendants include, but are not limited to: delay damages; loss of sales; attorney and litigation fees, expenses and costs; adverse judgments; loss of contract opportunities; and finance costs.

WHEREFORE, Plaintiff Emerald Pointe prays for judgment against Defendants in excess of $75,000, for its attorney fees and costs, for pre-judgment and post-judgment interest, and for such other relief as the Court may find.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

*/s/ Vincent F. O'Flaherty*
Vincent F. O'Flaherty    MO Bar #34693
LAW OFFICES OF VINCENT F. O'FLAHERTY, LLC
3637 Main Street
Kansas City MO 64111
Tel: (816) 931-4800/Fax: (816) 756-2168
voflaherty@voflaw.com

and

*/s/ Brian J. Madden*
Brian J. Madden    MO Bar #40637
WAGSTAFF & CARTMELL, LLP
4740 Grand, Suite 300
Kansas City, MO 64112
Tel. (816) 701-1100/Fax (816) 531-2372
bmadden@wcllp.com
**ATTORNEYS FOR PLAINTIFF**

6