IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EMERALD POINTE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:21-cv-03222-RK |
| ) | |
| TANEY COUNTY, MISSOURI, TANEY ) | |
| COUNTY PLANNING COMMISSION, ) | |
| TANEY COUNTY BOARD OF ) | |
| ADJUSTMENT, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Emerald Pointe, LLC, seeks damages under 42 U.S.C. § 1983 after Defendants Taney County, Missouri, Taney County Planning Commission, and Taney County Board of Adjustment unlawfully imposed a Stop Work Order for road construction in Plaintiff's county-approved subdivision development project. Plaintiff alleges the unlawful Stop Work Order violated its due process property rights. Prior to seeking damages for its alleged constitutional injury, however, Plaintiff sought judicial review of the Stop Work Order in the Circuit Court of Taney County, Missouri, and was ultimately successful. The Circuit Court of Taney County entered a judgement in that action granting Plaintiff relief under a writ of certiorari pursuant to § 64.870.2, RSMo as to the unlawfully imposed Stop Work Order. However, because nothing prohibited Plaintiff from also seeking damages for any constitutional injury from the unlawful Stop Work Order alongside its earlier claim for judicial review, Plaintiff's § 1983 claim is barred by the doctrine of res judicata under Missouri law.

Now before the Court are three motions filed by Defendants: (1) a motion for summary judgment relying on res judicata (Doc. 30); (2) a motion for leave to amend their answer out of time to assert the affirmative defense of res judicata (Doc. 39); and (3) a motion to dismiss pursuant to the *Colorado River* doctrine[1] (Doc. 45.) The parties have fully briefed each motion. (Docs. 31, 38, 40, 42, 43, 46, 47, 48, 49, 50.)

---

[1] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (holding that abstention from the exercise of federal jurisdiction is appropriate under certain circumstances where there are parallel state and federal actions)

After careful consideration and for the reasons explained below, the Court **ORDERS** as follows: (1) Defendants' motion for summary judgment on res judicata grounds (Doc. 30) is **GRANTED**, and (2) Defendants' motion for leave to amend answer (Doc. 39) and motion to dismiss pursuant to the *Colorado River* doctrine (Doc. 45) are **DENIED as moot**.

## I. Background

### A. Prior State Litigation

In 2008, the Taney County Planning Commission approved a residential subdivision development project, "Emerald Pointe." The subdivision was designated as a gated community with private roads. Eight years after approval, the Taney County Planning Commission issued a Stop Work Order for road construction in the subdivision, requiring that Plaintiff, as the developer, comply with state and county bond requirements for certain public improvements. Plaintiff appealed the Stop Work Order to the Taney County Board of Adjustment, which affirmed the Stop Work Order and denied Plaintiff's appeal.

Plaintiff then filed suit against the Taney County Planning Commission and Taney County Board of Adjustment in the Circuit Court of Taney County, Missouri, challenging the legality of the Stop Work Order and seeking judicial review pursuant to § 64.870.2, RSMo.[2] (Doc. 30-2); *Emerald Pointe, LLC v. Taney Cty. Planning Comm'n*, No. 1746-CC00091 (Cir. Ct. of Taney Cty.) The circuit court initially dismissed Plaintiff's petition for failure to state a claim for relief under § 64.870.2, RSMo, which the Missouri Court of Appeals reversed. (Doc. 30-8); *Emerald Pointe, LLC v. Taney Cty. Planning Comm'n*, 578 S.W.3d 390 (Mo. Ct. App. 2019) ("*Emerald Pointe I*"). On remand, the circuit court ultimately entered judgment in favor of the county defendants, and Plaintiff again appealed. (Doc. 30-8); *Emerald Pointe, LLC v. Taney Cty. Planning Comm'n*, 621 S.W.3d 188 (Mo. Ct. App. 2021) ("*Emerald Pointe II*").

For a second time, the Missouri Court of Appeals reversed the judgment of the circuit court. *Emerald Pointe II*, 621 S.W.3d at 196. Specifically, the state court of appeals found that Plaintiff was entitled to relief on judicial review under § 64.870.2 because the Taney County Planning Commission "did not have the authority to enter the Stop Work Order in 2016," and therefore the

---

[2] The parties included many of the relevant filings in the state litigation in their summary judgment briefing. In addition, the Court takes judicial notice of the relevant state court records, which can be found online through Case.net, Missouri's online case management website. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (recognizing that courts "may take judicial notice of judicial opinions and public records"); *Boone v. City of St. Louis*, No. 4:21-CV-158-AGF, 2021 WL 1857137, at *1 (E.D. Mo. May 10, 2021) (taking judicial notice of prior state court filings as reported on Case.net).

2

Taney County Board of Adjustment's decision affirming the Stop Work Order "[was] not authorized by law." *Id*. Accordingly, the court of appeals remanded the case to the circuit court "with directions that the cause be remanded back to the Board [of Adjustment] with directions that the Board [of Adjustment] grant Emerald Pointe's appeal of the [Planning] Commission's Stop Work Order." *Id*. Finally, on May 20, 2021, the Circuit Court of Taney County entered judgment in the case granting Plaintiff a writ of certiorari and ordering that the Taney County Board of Adjustment grant Plaintiff's appeal of the Stop Work Order. (Doc. 30-9.)

Then, nearly nine months later, on January 28, 2022, Plaintiff sought to amend its complaint in the state action to add Taney County as a defendant along with a claim for damages under § 1983. (Doc. 46-3); *see Emerald Pointe, LLC v. Taney Cty. Planning Comm'n*, No. 1746-CC00091-01 (Cir. Ct. of Taney Cty.). The circuit court denied Plaintiff's request, finding that its earlier May 20, 2021 judgment granting Plaintiff a writ of certiorari was a final judgment in the matter and it therefore lacked jurisdiction over the case. (Doc. 38-3 at 5-9). Plaintiff appealed the circuit court's denial on July 1, 2022. (*Id*. at 1-4.) This latest appeal remains pending. *See Emerald Pointe, LLC v. Taney Cty. Planning Comm'n*, No. SD37630 (Mo. Ct. App.) ("*Emerald Pointe III*").

### B. Current Federal Litigation

On August 26, 2021 – three months after the circuit court's May 20, 2021, judgment and five months before Plaintiff's motion to amend its petition in the state litigation – Plaintiff filed this civil rights action against Defendants, seeking damages under § 1983, alleging that the unlawful Stop Work Order violated its constitutional due process property rights. (*See generally* Doc. 1.) Shortly before the deadline in the Court's amended scheduling order, Defendants filed a motion for summary judgment, arguing that Plaintiff's § 1983 claim is barred by res judicata as to the earlier state lawsuit. (Docs. 30, 31.) In response, Plaintiff argued that (1) Defendants waived the affirmative defense of res judicata by failing to include it in their answer, and (2) its § 1983 claim is not barred by res judicata. (Doc. 38.) Less than a week later, Defendants sought to amend their answer out of time to add the affirmative defense of res judicata. (Doc. 39.) Finally, while these two motions were pending, and apparently based on Plaintiff's July 1, 2022 appeal to the Missouri Court of Appeals (*Emerald Pointe III*), Defendants sought dismissal of this action under the *Colorado River* doctrine, arguing that the Court should abstain from exercising its jurisdiction in light of the parallel state proceedings. (Doc. 45.)

3

## II. Discussion

Because it is potentially dispositive, the Court first considers the res judicata issue.

### A. Whether Defendants waived the affirmative defense of res judicata

The parties do not disagree that res judicata is generally considered an affirmative defense. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012) (citing Fed. R. Civ. P. 8(c)(1)) (other citation omitted); *Christenson v. Freeman Health Sys.*, 71 F. Supp. 3d 964, 968-69 (W.D. Mo. 2014) (res judicata is also an affirmative defense under Missouri state law) (citing Mo. Sup. Ct. R. 55.08). Nor do the parties disagree that generally affirmative defenses must be asserted in an answer or risk waiver. *First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 622 (8th Cir. 2007); Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . res judicata[.]") Generalities aside, however, the Eighth Circuit does not impose an absolute or legalistic strict-compliance regime to pleading affirmative defenses in general, least of all the affirmative defense of res judicata.

In *First Union National Bank*, for instance, the Eighth Circuit held that a defendant's "technical failure to comply with Rule 8(c) is not fatal" to its reliance on an affirmative defense, particularly "when [the] affirmative defense is raised in the trial court in a manner that does not result in unfair surprise." 477 F.3d at 622 (recognizing that the Eighth Circuit has "eschewed a literal interpretation of [Rule 8(c)] that places form over substance") (citations and quotation marks omitted). Moreover, as to res judicata specifically, the Eighth Circuit has repeatedly recognized that the preclusion issue may be raised even *sua sponte* when necessary "to avoid 'unnecessary judicial waste.'" *Meyers v. Roy*, 714 F.3d 1077, 1080 (8th Cir. 2013) (quoting *Hanig v. City of Winner*, 527 F.3d 674, 678 (8th Cir. 2008)); *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068-69 (8th Cir. 1997) (raising issue of res judicata *sua sponte* on appeal to affirm the entry of summary judgment in the defendant's favor). As the Eastern District has explained: district courts "may raise the issue [of preclusion] *sua sponte* because doing so is consistent with policies that underlie the purpose of preclusion: avoiding the burdens of a party unnecessarily litigating an action twice and preserving judicial resources." *J.Y.C.C. v. Doe Run Res. Corp.*, 370 F. Supp. 3d 1031, 1038 (E.D. Mo. 2019); *see Johnson v. LaSalle Bank Nat'l Ass'n*, 663 F. Supp. 2d 747, 765-66 (D. Minn. 2009) (raising preclusion issue of collateral estoppel *sua sponte*).

4

In *Hanig v. City of Winner*, for example, the Eighth Circuit affirmed the judgment of the district court granting summary judgment on the basis of res judicata in favor of the defendant in a § 1983 claim even though the defendant failed to properly plead res judicata as an affirmative defense. 527 F.3d 674, 678 (8th Cir. 2008). In the proceedings below, the district court had raised the res judicata issue *sua sponte*, ultimately ruling on summary judgment on such grounds after having given the parties an opportunity to respond to the preclusion issue. *Hanig v. City of Winner*, No. 06-4003, 2007 WL 1074504, at *3 (D.S.D. Mar. 30, 2007). And the Eighth Circuit ultimately had no difficulty affirming summary judgment on res judicata grounds under these circumstances. *Hanig*, 527 F.3d at 678 (holding that "the district court properly invoked res judicata to avoid 'unnecessary judicial waste' and then gave [plaintiff] ample opportunity to argue the issue") (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)) (citing *Bechtold*, 104 F.3d at 1068).

Admittedly, Defendant did not assert res judicata as an affirmative defense in its answer. Nonetheless, Plaintiff has had a full and fair opportunity to substantively respond to the res judicata issue and has done so. (*See* Doc. 38 at 7-15.) To avoid unnecessary judicial waste and because it is potentially dispositive in this case, the Court will consider the merits of the res judicata issue as raised and substantively argued in the parties' summary judgment pleadings.[3]

**B. Whether Plaintiff's § 1983 claim is barred by res judicata**

Pursuant to Federal Rule of Civil Procedure 56(a), a movant is entitled to summary judgment on a claim only if he has made a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying this standard, the Court must view the evidence in the light most favorable to the nonmoving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Recio v. Creighton Univ.*, 521 F.3d 934, 938 (8th Cir. 2008).

---

[3] Because the Court will consider the res judicata issue on the merits under these circumstances, Defendants' motion for leave to amend their answer is **DENIED as moot**. Accordingly, the Court need not consider the arguments Defendants have raised, including the potential breach of the confidentiality rules within the Western District of Missouri's Mediation and Assessment Program General Order by statements made in Plaintiff's suggestions opposing the motion to amend and counsel's supporting affidavit appearing to divulge statements made by the parties and the mediator in mediation. (*See* Doc. 2-1 at 11, § VIII (MAP General Order confidentiality provision requires counsel and the parties, among others, to "treat as confidential the contents of any written mediation statement *and anything said in mediation, including any position taken and any views of the case as expressed by any participant or Mediator*") (emphasis added).)

The inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In resisting summary judgment, the nonmoving party may not rest on the allegations in its pleadings, but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Rule 56(c); *see also Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) (mere allegations, unsupported by specific facts or evidence beyond a nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment).

Under 28 U.S.C § 1738, "a state court judgment is entitled to the same full faith and credit in a federal court as the judgment is given by state law." *Medvick v. City of Univ. City*, 995 F.2d 857, 858 (8th Cir. 1993) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). Missouri courts recognize the doctrine of res judicata and its bar under certain circumstances on reasserting causes of action previously adjudicated. *Lauber-Clayton, LLC v. Novus Props. Co.*, 407 S.W.3d 612, 618 (Mo. Ct. App. 2013). "Because Missouri recognizes the doctrine of res judicata, a federal court presented with a § 1983 action in Missouri must apply the doctrine to give preclusive effect to a Missouri court judgment." *Medvick*, 995 F.2d at 858 (citations omitted). "The law of the forum that rendered the first judgment [here, Missouri] controls the res judicata analysis." *Laase v. Cty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) (citation and quotation omitted) (looking to Minnesota law to determine whether plaintiff's suit under § 1983 was barred by the doctrine of res judicata based on an earlier state court judgment); *accord Heck v. Humphrey*, 512 U.S. 477, 480 n.2 (1994) ("The res judicata effect of state-court decisions in § 1983 actions is a matter of state law.")

In addition to barring later assertions of those causes of action actually decided in a prior lawsuit, *Lauber-Clayton*, 407 S.W.3d at 618, the doctrine of res judicata also "precludes a litigant from bringing, in a subsequent lawsuit, claims that *should* have been brought in the first suit." *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 715 (Mo. banc 2008) (emphasis in original). Stated differently, res judicata precludes as to later litigation "every point belonging to the subject matter of [the first] litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* at 716 (citation and quotation marks omitted); *accord Chesterfield Vill., Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. banc 2002) ("*Chesterfield Village*") (same). Inversely, res judicata does *not* apply when the particular point or claim in the subsequent litigation could not have been adjudicated in the first litigation. *Meier v. Thorpe*, 822

6

S.W.2d 556, 559 (Mo. Ct. App. 1992) ("A judgment is not conclusive of any question which, from the nature of the case or the form of the action, could not have been adjudicated in the case in which it was rendered. It is of course obvious that issues outside the jurisdiction of the court to determine, cannot become res judicata by virtue of its judgment.").[4] Simply put, "[i]f a party could have brought claims in the first action, those claims are merged into and barred by the first judgment." *Twehous Excavating Co., Inc. v. L.L. Lewis Invs., LLC*, 295 S.W.3d 542, 546-47 (Mo. Ct. App. 2009) (holding subsequent deficiency claim not barred by res judicata because it could not have been brought at the time of the earlier mechanic's lien suit since the property had not yet been subject to foreclosure).

Even for those claims that could have been brought in the initial litigation, the doctrine of res judicata only applies so long as the following four identities are also satisfied: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) and [*sic*] identity of the quality of the person for or against whom the claim is made." *Roy v. MBW Constr., Inc.*, 489 S.W.3d 299, 304 (citations and quotation marks omitted). Finally, res judicata requires a "final judgment on the merits" in the initial action to bar litigation in a subsequent lawsuit. *Jordan v. Kansas City*, 929 S.W.2d 882, 885 (Mo. Ct. App. 1996). In Missouri, "a judgment on the merits at the trial-court level is considered a final judgment for purposes of res judicata and collateral estoppel, even if the appeal of that judgment is still pending." *Brown v. Brown-Thill*, 437 S.W.3d 344, 350 (Mo. Ct. App. 2014) (citation and quotation marks omitted).

Here, the parties' main disagreement concerns the two threshold issues of the res judicata analysis: (1) whether there was (or is) a final judgment in the state litigation, and (2) whether Plaintiff's § 1983 claim for damages could or should have been brought in the state litigation otherwise seeking judicial review under state law.

---

[4] In *Meier*, for instance, the court of appeals reversed on res judicata grounds summary judgment that was entered in the defendant's favor because the subsequent claim for wrongful foreclosure could not have been asserted in the first action since the court in that action would not have had subject matter jurisdiction with respect to such claim. *Id.*; *see WEA Crestwood Plaza, LLC v. Flamers Charburgers, Inc.*, 24 S.W.3d 1 (Mo. Ct. App. 2000) (holding res judicata does not apply to bar a subsequent claim seeking further unpaid rent after having received a judgment for rent and possession in part because the rent-and-possession statute only permits an action for rent that is already due, and therefore "the Landlord could not have pursued future rent payments" from the tenant in the first suit).

7

### 1. Whether there was (or is) a final judgment in the state litigation

First, Plaintiff argues the state action is not final because after judgment was entered granting it a writ of certiorari and remanding the matter to the Taney County Board of Adjustment to grant Plaintiff's appeal of the Stop Work Order, Plaintiff filed a motion for leave to amend its petition – which the circuit court denied and Plaintiff's appeal remains pending (*Emerald Pointe III*). The Court disagrees. On May 20, 2021, the Circuit Court of Taney County entered judgment granting a writ of certiorari in Plaintiff's favor and remanded the matter to the Taney County Board of Adjustment to grant Plaintiff's appeal of the Stop Work Order. Indeed, the circuit court did so on remand from the Missouri Court of Appeals in *Emerald Pointe II*, reversing the circuit court's initial judgment in favor of Defendants. Plaintiff provides no legal authority to support its argument that by filing a motion to amend its petition *after having received a favorable judgment* – and indeed, after having already filed the instant federal civil rights action – the prior judgment that was entered by the state court may no longer be res judicata in this case. There is no real question that the May 20, 2021 judgment is a final judgment for res judicata purposes. *See Clark v. Kinsey*, 405 S.W.3d 551, 553 (Mo. Ct. App. 2013) ("A judgment is considered rendered when entered and is entered when a writing signed by a judge and denominated 'judgment' or 'decree' is filed.") (citing Mo. Sup. Ct. Rule 74.01(a)) (other citation omitted).[5]

---

[5] Plaintiff's argument is even more perplexing given the procedural posture of the case in the state court. First, the Court notes that in denying Plaintiff's motion seeking leave to amend, the state court found that the May 20, 2021 judgment was a final judgment and that therefore it lacked jurisdiction over the matter. (Doc. 38-3 at 9 ("Because the Court's Judgment of May 20, 2021 was a final judgment in the case, this Court no longer has jurisdiction over the case, and Plaintiff's Motion for Leave to file First Amended Petition is denied.").) If Plaintiff were correct in this argument, the very validity of its successful appeal in *Emerald Pointe II* may well be called into question. This is because under Missouri law, appellate jurisdiction requires either (1) a "final judgment," meaning that "no unresolved issues remain before the trial court," *Stein v. Trampe*, 897 S.W.2d 209, 210 (Mo. Ct. App. 1995), or (2) "an express determination that there is no just reason for delay" when judgment is entered as to fewer than all claims in an action, Mo. Sup. Ct. Rule 74.01(b). The circuit court's May 20, 2021 judgment does not appear to include a Rule 74.01(b) certification. (*See* Doc. 30-8.) Therefore, *if* Plaintiff were correct that the May 20, 2021 judgment was *not* a final judgment, the implication would be that the Missouri Court of Appeals lacked appellate jurisdiction in *Emerald Pointe II*, in which Plaintiff was ultimately successful. *See Mo. Bond Co. LLC v. Devore*, 580 S.W.3d 653, 657 (Mo. Ct. App. 2019) (dismissing appeal for lack of appellate jurisdiction where there was no final judgment and the trial court "did not make an express designation under Rule 74.01(b)"); *Rocky Ridge Ranch Prop. Owners' Ass'n v. Meyers*, 969 S.W.2d 761, 762-63 (Mo. Ct. App. 1998). In many ways, Plaintiff appears to be trying to "have its cake and eat it too" in presenting this argument. Simply, Plaintiff's argument that there is no final judgment in the state litigation for res judicata purposes makes little sense, particularly given the totality of the state court record and the proceedings before both the circuit and appellate courts in the state litigation.

### 2. Whether Plaintiff's § 1983 claim for damages could or should have been brought in the earlier state litigation

The parties also disagree whether Plaintiff's claim seeking damages for its alleged due process injury could or should have been brought in the earlier state litigation. Plaintiff argues it could not have pursued a claim for damages to the extent the Stop Work Order violated its due process property rights because § 64.870, RSMo, "statutorily limits relief and does not permit legal damages." (Doc. 38 at 8.) In other words, Plaintiff argues a writ of certiorari under § 64.870 was the "exclusive remedy" available in the state court proceeding and the "circuit court lacked jurisdiction to issue damages or other relief" in the state litigation. (*Id.* at 9.) Again, the Court disagrees.

Section 64.870, RSMo, provides Plaintiff a statutory remedy through a writ of certiorari for judicial review as to the legality of the Taney County Board of Adjustment's decision denying Plaintiff's appeal of the Stop Work Order. Specifically, § 64.870.2 provides:

> Any owners, lessees or tenants of buildings, structures or land jointly or severally aggrieved by any decision of the board of adjustment [reversing, affirming, or modifying the order, requirement, decision or determination appealed from] . . . under the provisions of sections 64.845 to 64.880, . . . may present to the circuit court of the county in which the property affected is located, a petition, duly verified, stating that the decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom. . . . The court may reverse or affirm or may modify the decision brought up for review.

In *Gash v. Lafayette County*, 245 S.W.3d 229 (Mo. banc 2008), the Missouri Supreme Court held that under the plain language of § 64.870's judicial review provision, decisions made by the board of adjustment "must be challenged via a writ of certiorari." *Id.* at 232. More specifically, the Missouri Supreme Court held that the trial court "lacked jurisdiction to issue a declaratory judgment." *Id.*; *see also Emerald Pointe, LLC v. Tany Cty. Planning Comm'n*, 578 S.W.3d 390, 398 (Mo. Ct. App. 2019) (holding "references and prayers for relief in the petition [challenging the board of adjustment's denial of plaintiff's appeal of the planning commission's stop work order] directed specifically and exclusively toward injunctive and declaratory relief are superfluous to [plaintiff's] stated claim for judicial review [under § 64.870.2]").

Plaintiff argues that under *Gash*, "[i]n the Writ of Certiorari Action the circuit court lacked jurisdiction to issue damages or other relief." (Doc. 38 at 9.) Fundamentally, though, whether Plaintiff could have been awarded damages in a claim seeking judicial review under § 64.870.2 (which, applying the reasoning of *Gash*, the answer appears to be a clear "no") is different from

9

whether Plaintiff could or should have simultaneously sought damages in the same litigation as it sought judicial review. To be sure, *Gash* held that a circuit court did not have statutory authority[6] to issue a declaratory judgment in reviewing the legality of a board of adjustment's decision because § 64.870.2 provided the procedure for relief through judicial review. *See also State ex rel. Freeway Media, LLC v. City of Kansas City*, 14 S.W.3d 169, 174 (Mo. Ct. App. 2000) (recognizing "the exclusive remedy available . . . for judicial review was under § 64.870.2," rather than a petition for declaratory or injunctive relief). And indeed, Missouri courts have recognized that under the state constitution, "the scope of judicial review of the decisions of the board of adjustment in a zoning proceeding[] is limited to a determination of whether the ruling is authorized by law and is supported by competent and substantial evidence upon the whole record." *Antioch Cmty. Church v. Bd. of Zoning Adjustment of City of Kansas City*, 543 S.W.3d 28, 34 (Mo. banc 2018) (citation and quotation marks omitted).[7] No matter the limitations on what Plaintiff could recover in his judicial-review action under § 64.870.2, however, for purposes of res judicata, Missouri courts recognize that "[s]eparate legal theories are not to be considered as separate claims, even if the several legal theories depend upon different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief." *State ex rel. Shea v. Bossoli*, 827 S.W.2d 722, 724 (Mo. Ct. App. 1992) (holding trial court properly issued writ of prohibition prohibiting civil service commission from appealing agency action regarding plaintiff's termination from civil service employment because the appeal was barred by res judicata where the plaintiff's separate § 1983 federal lawsuit seeking damages for his allegedly wrongful layoff had reached a judgment in favor of the defendants).[8]

---

[6] While *Gash* spoke in jurisdictional terms, following the Missouri Supreme Court's seminal subject-matter-jurisdiction decision in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the Missouri Court of Appeals has explained that cases that "discuss the trial court's statutory authority in jurisdictional terms" should be "alter[ed] . . . to more accurately classify a circuit court's authority under [a statute] as limited in terms of remedy, but not jurisdiction." *Duffner v. City of St. Peters*, 482 S.W.3d 811, 817 n.3 (Mo. Ct. App. 2016) (citing *Webb*, 275 S.W.3d at 255 ("[w]hen a statute speaks in jurisdictional terms . . . it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant")).

[7] In *Antioch Community Church*, the plaintiff had sought review of the board of adjustment's decision pursuant to a writ of certiorari under a substantially similar judicial review statute as here, § 89.110, RSMo, that applies to decisions by a city, town, or village's board of adjustment. *See Antioch Cmty. Church v. Bd. of Zoning Adjustment of the City of Kansas City*, No. 12CY-CV02727, 2016 WL 8416849 (Cir. Ct. of Clay Cty. April 7, 2016).

[8] Impliedly, Plaintiff's argument suggests any exclusivity of the judicial-review remedy that § 64.870.2 (or a similar judicial review statute) provides necessarily imposes an exhaustion-type

10

As suggested above, Plaintiff's reliance on *Gash* is misplaced to the extent it relies on *Gash* to demonstrate it could not have brought a claim for damages under § 1983 at the same time it sought judicial review under § 64.870.2. This is too broad a reading of *Gash*. While the only available remedy under § 64.870.2 was a writ of certiorari affirming, reversing, or modifying the Taney County Board of Adjustment's decision denying Plaintiff's appeal of the Stop Work Order, the Court is aware of no legal authority that would have otherwise precluded Plaintiff from asserting a claim for damages, especially one under § 1983, in the same litigation. Even to the extent Missouri courts broadly refer to the exclusivity of judicial review statutes like § 64.870.2, it is also clear that, consistent with United States Supreme Court precedent, state law does not

---

requirement on its § 1983 claim for damages. In other words, Plaintiff's argument appears to be it could *not* have asserted its § 1983 claim *until* it had sought judicial review because § 64.870.2 is the exclusive means to challenge the legality or constitutionality of the Taney County Board of Adjustment's decision affirming the Taney County Planning Commission's Stop Work Order. The Court acknowledges even beyond *Gash* Missouri caselaw speaks of judicial review statutes like § 64.870.2 in terms suggesting judicial review is a sole or exclusive remedy. *See, e.g.*, *Duffner v. City of St. Peters*, 482 S.W.3d at 820 (§ 89.110 was the "exclusive means of review," even to bring a constitutional equal protection challenge to a board of adjustment's decision); *Metro Fill Dev., LLC v. St. Charles Cty.*, 614 S.W.3d 582, 594 (Mo. Ct. App. 2020) ("Metro Fill's due process claim that the County Council's denial was arbitrary and capricious was properly included in its claim for review under [the Missouri Administrative Procedure Act, § 536.140, RSMo]" and "would be [an] impermissible collateral attack[] on an administrative agency's decision if independently maintained").

At the same time, however, the Missouri Court of Appeals long ago recognized that consistent with United States Supreme Court precedent, there is no judicial-review exhaustion requirement as to § 1983 claims for damages. In *Strictly Pediatrics, Inc. v. Developmental Habilitation Associates, Inc.*, 820 S.W.2d 731 (Mo. Ct. App. 1991), for instance, the Missouri Court of Appeals held:

> The seminal issue is whether actions filed under 42 U.S.C.A § 1983 in a state court are subject to the exhaustion of state administrative remedies. In *James v. City of Jennings*, 735 S.W.2d 188 (Mo. App. 1987), this court held exhaustion of state administrative remedies was jurisdictionally required in order to bring a 42 U.S.C.A. § 1983 claim in state court. However, the United States Supreme Court has put this issue to rest, in that it has held administrative review need not be pursued to a final judgment before a § 1983 claim may be filed in state court. *Felder v. Casey*, 487 U.S. 131 (1988); and *see Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496 (1982); *Wilder v. Virginia Hospital Association*, 496 U.S. 498 (1990); *Howlett v. Rose*, 496 U.S. 356 (1990).

*Id.* at 731-32; *see Blackwell v. City of St. Louis*, 778 S.W.2d 711, 714 (Mo. Ct. App. 1989) (also recognizing that *James* is "contrary to the teaching of *Felder v. Casey*, 487 U.S. 131 (1988)," which held that a state's notice-of-claim statute was preempted as to § 1983 actions filed in state court).

And additionally, the Court notes that in fact in *Blackwell*, the plaintiff had pursued <u>both</u> a claim for judicial review under the Missouri Administrative Procedure Act <u>and</u> a claim for damages under § 1983 "simultaneously" in the same lawsuit (although the parties agreed between themselves to "fully pursue [plaintiff's] administrative remedy . . . before proceeding with his § 1983 count"). 778 S.W.2d at 714.

11

require a plaintiff to exhaust administrative remedies like judicial review in order to seek damages under § 1983. *See Pakdel v. City & Cty. of San Francisco*, 141 S. Ct. 2226, 2230 (2021) (per curiam) (recognizing "the settled rule that exhaustion of state remedies is *not* a prerequisite to an action under § 1983") (cleaned up). That Plaintiff chose to assert only a claim for judicial review under § 64.870.2 in the earlier state litigation does not shield it from the doctrine of res judicata, should it otherwise apply.

### 3. Whether Plaintiff's § 1983 claim is otherwise barred by the doctrine of res judicata

Defendants for their part rely on another decision from the Missouri Supreme Court, *Chesterfield Village*, to support their argument that Plaintiff's § 1983 claim is barred under the doctrine of res judicata. In *Chesterfield Village*, the state supreme court applied the doctrine of res judicata to bar a subsequent lawsuit seeking damages for an unconstitutional taking that followed an earlier lawsuit in which the plaintiff had sought declaratory and injunctive relief regarding the challenged zoning decision. Specifically, in that case, the defendant-city had adopted a zoning ordinance classifying certain tracts of land as "non-urban." *Chesterfield Village*, 64 S.W.3d at 317. After the city denied plaintiff-owners' request for re-classification of a specific tract of land from non-urban to residential, the plaintiff-owners sued the city, seeking declaratory and injunctive relief. *Id.* Specifically, the plaintiff-owners alleged that the non-urban zoning ordinance was unlawful and unconstitutional as applied to the tract of land they owned. *Id.* at 317 & 319. The trial court ultimately found that the non-urban classification violated the plaintiff-owners' due process rights and granted the requested declaratory and injunctive relief. *Id.* at 317. Several years later, one of the plaintiff-owners filed a lawsuit seeking damages for the city's alleged unconstitutional taking. *Id.*

On appeal, the Missouri Supreme Court considered "whether the claim for damages . . . was merged into the earlier judgment and thus barred [by res judicata]." *Id.* at 318. Ultimately, the state supreme court concluded it was because both lawsuits were based on the same "operative facts," i.e., the defendant-city's 1994 zoning decision and because "[t]he claim for damages could well have been included in the first action for declaratory and injunctive relief in which constitutional violations are pleaded." *Id.* at 320. The state supreme court reasoned:

> Any claim for damages that [plaintiff] attempts to assert in this second action is part of the claim in the previous action against the city of Chesterfield for refusing to rezone the tract. The factual basis for asserting constitutional violations is the same in both actions. A somewhat altered legal theory, or even a new legal theory, does

12

not support a new claim based on the same operative facts as the first claim. Chesterfield Village cannot split its claim. Any claim for damages is merged into the first judgment and is precluded.

*Id.* at 321.

As Plaintiff candidly acknowledges, under *Chesterfield Village*, "whether [Plaintiff's] § 1983 claim is the same claim as the writ of certiorari claim" depends on the "factual bases [*sic*] for the claims, not the legal theories." (Doc. 38 at 9 (citing *Chesterfield Village*, 64 S.W.3d at 319).) As the Missouri Supreme Court explained in *Chesterfield Village*, the core res judicata inquiry – "whether the claim arises out of the same act, contract, or transaction" – is dependent on the factual bases [*sic*] for each claim, not the legal theory of a claim. 64 S.W.3d at 319; *see Bossola*, 827 S.W.2d at 724 ("When a party pursues one theory to judgment, res judicata extinguishes 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.") (quoting Restatement (Second) of Judgments § 24 (1982)).

As in *Chesterfield Village*, the res judicata inquiry here is ultimately straightforward. In both cases Plaintiff seeks relief from the Stop Work Order issued by the Taney County Planning Commission and upheld by the Taney County Board of Adjustment. Despite Plaintiff's argument otherwise,[9] the operative facts in both cases are based on the issuance of the Stop Work Order and there is no new claim arising from new facts occurring after judgment in the first action. *See Chesterfield Village*, 64 S.W.3d at 320. In the initial action, Plaintiff raised the constitutionality of the Stop Work Order in seeking judicial review under § 64.870.2, and thus knew at that time it may have accordingly had a claim for damages under § 1983 (providing a private cause of action

---

[9] Plaintiff argues the facts relevant to the § 1983 claim were "never litigated" in the state proceedings seeking judicial review under § 64.870 and that its damages were not fully known at the time of its earlier suit. First, res judicata (as opposed to collateral estoppel) does not depend on whether issues were actually litigated. *See Kesterson*, 242 S.W.3d at 715 (res judicata "precludes a litigant from bringing, in a subsequent lawsuit, claims that *should* have been brought in the first suit" (emphasis in original); *Carter v. Treasurer of State – Custodian of Second Injury Fund*, 532 S.W.3d 203, 209 (Mo. Ct. App. 2017) ("Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue that was necessary and unambiguously already decided in a different cause of action.") (citation and quotation marks omitted). Second, the Missouri Supreme Court specifically rejected the argument that Plaintiff makes here – that unknown or unrealized damages impact the res judicata analysis in *Chesterfield Village*: "The fact that Chesterfield Village did not know at that point [i.e., the city's 1994 zoning decision] what its damages would be is of little importance. An injured party, whether injured in body or property rights, can assert a claim for damages even though the party may not know precisely the nature and extent of the injury." 64 S.W.3d at 320 (citing Restatement (Second) of Judgements, § 18, illustrations 1-3 (1982)).

13

for violations of a constitutional right). *See Emerald Pointe I*, 578 S.W.3d at 398. Under Missouri law for purposes of a res judicata analysis, "[a] somewhat altered legal theory, or even a new legal theory, does not support a new claim based on the same operative facts as the first claim." *Chesterfield Village*, 64 S.W.3d at 321. Here, because Plaintiff's first lawsuit and this second lawsuit wholly rest on the same operative facts (i.e., the issuance of the Stop Work Order by the Taney County Board of Commissioners as upheld by the Taney County Board of Adjustment), the first and second identities of the res judicata analysis are satisfied. *See Kesler*, 516 S.W.3d at 891.[10]

Turning to the final two factors of the res judicata inquiry under Missouri law, the Court finds they are easily satisfied in this case. While Plaintiff did not include Taney County as a defendant in the initial action, Taney County is undoubtedly at least in privity with the Taney County Planning Commission and Taney County Board of Adjustment.[11] *See* Mo. Rev. Stat. § 64.800 (authorizing the creation by certain counties of a county planning commission); Mo. Rev. Stat. § 64.870 (authorizing the creation by certain counties of a county board of zoning adjustment); *Williston v. Vasterling*, 536 S.W.3d 321, (Mo. Ct. App. 2017) ("Privity, as a basis for satisfying the identical party requirement of res judicata, is premised on the proposition that the interests of the party and non-party are so closely intertwined that the non-party can fairly be considered to have had his or her day in court.") (citation and quotation marks omitted). Finally, there is no question the "quality of the person for or against whom the claim is made" is the same since Plaintiff sued the Taney County Planning Commission and Taney County Board of

---

[10] In *Tolefree v. City of Kansas City*, 980 F.2d 1171 (8th Cir. 1992), the Eighth Circuit held that a plaintiff's Title VII employment discrimination claim was not barred by res judicata as a result of a prior lawsuit that sought only judicial review of his dismissal. The Eighth Circuit reasoned that the earlier proceeding "[was] nothing more than steps in an administrative challenge of his dismissal," nothing more than plaintiff "pursuing . . . the administrative remedies available to him," which did not include a Title VII discrimination claim that is "of an entirely different nature from the earlier appeal of his termination." *Id.* at 1175. Importantly, however, the Eighth Circuit noted the narrow grounds on which the administrative process (and subsequent judicial review in state court) could proceed: only the "consideration of whether [plaintiff]'s dismissal was justified." *Id.* Here, of course, the judicial review proceedings under § 64.870.2 are much more expansive than the procedure available in *Tolefree*, encompassing claims "the decision is illegal," which includes constitutional claims. *See also Duffner*, 482 S.W.3d at 820 ("Claims of illegality [under substantially similar judicial review statute for other local boards of adjustment, § 89.110] include claims that the Board's decision violates the Constitution.").

[11] Defendants also argue that Taney County Planning Commission and Taney County Board of Adjustment "are not separate legal entities, but are all part of the County." (Doc. 31 at 6.) Whether or not this is true, the result is the same for purposes of the res judicata analysis because Taney County (which was not separately named in the state litigation) is clearly in privity with these two defendants.

Adjustment (with whom Taney County is clearly in privity) in both cases. *See Roy*, 489 S.W.3d at 304 (finding the fourth identity satisfied since "[the defendant] was sued in both cases").

Because nothing under the law precluded Plaintiff from also pursuing an action for damages under § 1983 at the same time Plaintiff sought judicial review under § 64.870.2, and because the four res judicata identities are satisfied as explained above, the Court finds that Plaintiff's § 1983 claim is barred by the doctrine of res judicata under Missouri law. Accordingly, Defendants' motion for summary judgment on res judicata grounds is **GRANTED**.

### III. Conclusion

Therefore, the Court **ORDERS** that (1) Defendants' motion for summary judgment (Doc. 30) is **GRANTED**, and (2) Defendants' motion for leave to amend answer (Doc. 39) and motion to dismiss pursuant to the *Colorado River* doctrine (Doc. 45) are **DENIED as moot**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 24, 2022